UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE JACKSON, et al.,

    Plaintiff,                                         Case No. 10-cv-13832

v.                                                  HONORABLE STEPHEN J. MURPHY, III

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA ("UAW"), et al.,

    Defendants.
    _____/

**ORDER SETTING DEADLINE FOR ALL PLAINTIFFS AND
ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE
<u>DISMISSED FOR FAILURE TO PROSECUTE FOR ALL REMAINING PLAINTIFFS</u>**

      This is an action under the National Labor Relations Act by automotive manufacturing employees against their union, the UAW and locals, for an alleged breach of the duty of fair representation. On December 4, 2012, after more than two years of proceedings, Plaintiffs' attorneys moved to withdraw as counsel of record and to dismiss certain plaintiffs. ECF No. 54. On January 31, 2013, the Court held a hearing and granted the motion, and agreed to give the plaintiffs who wished to continue litigating the case additional time to find new counsel. At the time of the hearing, there were approximately one hundred thirty-one plaintiffs. Thirty-one of them had voluntarily withdrawn from the litigation before the hearing; an additional forty-eight apparently withdrew after the hearing. *See* Stip. and Orders to Withdraw, ECF Nos. 59, 60, 61.

      The Court entered an Order to Show Cause on May 23, 2013, requiring all remaining plaintiffs to advise the Court of his or her intention to prosecute the case pro se, or have a newly retained attorney enter an appearance on the docket. On June 21, 2013, named plaintiff Rochelle Jackson wrote the Court, stating she had found an attorney, Kenneth

Myers, willing to represent the remaining plaintiffs, and requesting an additional month to ensure all possible remaining plaintiffs (many of whom do not necessarily have up-to-date contact information) could be contacted and told about the possibility of retaining Myers. *See* Letter, ECF No. 66. Finally, on July 20, 2013, Myers entered an appearance on the docket. ECF No. 67. Although entered as to all plaintiffs, Myers stated he is still uncertain of precisely how many plaintiffs he will be representing and is working diligently to contact as many of them as possible. *Id.* at 1-2.

To ensure the case will move forward, and to finalize the list of remaining plaintiffs, the Court will issue a final order to show cause why this case should not be dismissed for failure to prosecute as to all remaining plaintiffs, and also issue the following orders. The Court will set a general deadline of Tuesday, September 3, 2013, for the list of plaintiffs to be finalized. The Court will also order Kenneth Myers to submit to the Court, on or before September 3, 2013, a final list of clients he will be representing, and formally indicate on the docket for whom he is counsel.

Finally, the Court will order all remaining plaintiffs to either have their own attorney file an appearance on the docket, or inform the Court in writing they intend to proceed pro se by the same date. That is: Every plaintiff who wishes to remain a part of the action *must* have either (1) been identified by Kenneth Myers as his client, (2) had his or her own separate attorney enter an appearance on the docket, or (3) informed the Court in writing they intend to proceed pro se.[1] If a plaintiff has not contacted the Court or had a retained attorney file an appearance on the docket by September 3, 2013, he or she will be dismissed from the case. *See Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999).

---

[1] The Court notes that no plaintiff is required to be represented by Kenneth Myers; they may choose any attorney to represent them they wish, or none at all.

2

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that counsel Kenneth Myers is required to **FILE** a final list of the plaintiffs he intends to represent in this matter by September 3, 2013.

**IT IS FURTHER ORDERED** that each individual plaintiff **SHOW CAUSE** why their claims against defendants should not be dismissed for failure to prosecute. The show cause response is due by September 3, 2013. Each plaintiff must (1) been identified by Kenneth Myers as his client, (2) had his or her own separate attorney enter an appearance on the docket, or (3) informed the Court in writing they intend to proceed pro se.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 8, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Case Manager